

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed November 20, 2006                  **United States Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| NOR-TEX BUILDING, INC., | § | CASE NO. 04-46655-DML-7 |
| | § | |
| DEBTOR. | § | |
| | § | |

### MEMORANDUM ORDER

Mid-Cities Construction, Inc., Pat R. Arlington and Donna Arlington ("Movants") have filed a motion (the "Motion") seeking a new trial with respect to this court's Order Granting Motion to Approve and Implement Compromise and Settlement Agreement with Jack Kemp (the "Order") or, alternatively, asking that the Order be reformed in certain respects. In the Motion Movants argue that (1) the chapter 7 trustee should have considered debtor's input in arriving at the settlement effected through the Order; (2) the trustee failed to consider properly that debtor is a "health care provider" within the meaning of Texas Civil Practice and Remedies Code § 74.001(12)(A); and (3) the claim allowed pursuant to the Order should be reduced to account for payments by other liable parties.

With regard to the first point, Movants had asked for the same reason that the court's consideration of the settlement be continued at the hearing that resulted in the Order. The court

denied a continuance. There is no reason for the court now to change its view, and the Motion suggests none. The court is satisfied that the chapter 7 trustee adequately investigated the issues involved and that the settlement meets the requirements for approval established by applicable case law. *See* 10 Collier on Bankruptcy ¶ 9019.02 (15th ed rev. 2003).

The second argument, that debtor is a healthcare provider, is utterly frivolous. Debtor does not fit within the listing in Civil Practice and Remedies Code § 74.001, ¶12(A), and ¶12(B)'s reference to "independent contractors" as expanding the definition cannot be read to reach debtor, a construction company. *See Schultz v. Rural/Metro Corp. of New Mexico-Texas*, 956 S.W.2d 757 (Tex. App.—Houston [14th Dist.] 1997) where the court denied healthcare provider status in a much closer case.

Third, the court might find some merit in the argument that the claim should be reduced based on other recoveries. However, in this case the claim was filed in the amount of $3,000,000. The settlement amount was $116,000. The court believes the settlement thus took account of all potential reductions.

The court would also note that the latter two points could have been raised at the original hearing. Having not done so, Movants are not now entitled to a new trial. Moreover, Movants' standing to contest the settlement at all is doubtful. A chapter 7 debtor typically lacks standing to participate in matters such as that here in issue. *In re Degenaars*, 261 B.R. 316 (Bankr. M.D. Fla. 2001) (holding that a debtor has standing to object to the approval of a compromise when the debtor may receive some disbursement or refund from the estate or if a debtor is provided for in any way by a plan of reorganization). Movants are the debtor's shareholders, who could surely have no more standing than the debtor, and an entity that the trustee plans to sue. The latter, so far as the court can tell, has no right to be heard in these proceedings.

While each of Movants admittedly has a potential economic interest in this chapter 7 case, and so might arguably have standing under the general rule that an economic interest gives such standing (*see Singleton v. Wulff*, 428 U.S. 106, 113 (1976)), the interest of the shareholders is remote, given the small likelihood there will be a surplus in the case. As to a defendant in litigation by the trustee, that is not the sort of economic interest that supports a party's standing.

At the hearing at which the court approved the settlement, the chapter 7 trustee argued Movants had no standing. The court then allowed Movants to participate. In doing so, however, the court did not intend to grant Movants an open-ended license to use the administration of the case as a tactical front in their dispute with the chapter 7 trustee. The Motion appears to be no more than such a tactical move. The court made detailed findings on the record prior to entry of the Order; it sees no reason to revisit this matter now.

For the foregoing reasons, the Motion is DENIED.

# # # # END OF ORDER # # # #